# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **JAMES E. URMIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 5 06CV 56** |
| | § | |
| **CADBURY SCHWEPPES, PLC,** | § | |
| **DR PEPPER/SEVEN UP, INC., and** | § | |
| **CADBURY SCHWEPPES** | § | |
| **AMERICAS BEVERAGES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## AMENDED PROTECTIVE ORDER

Before the Court is Defendants' Unopposed Motion to Amend Protective Order. Having considered the motion and supporting arguments, and noting that the motion is unopposed, the Court hereby enters this Amended Protective Order and

**ORDERS THAT:**

1. This Protective and Seal Order ("Order") governs (1) the exchange of documents and other discovery materials between Plaintiff and Defendants (jointly, the "Parties") and any non-parties; (2) filings with and presentations to the Court; and (3) references to certain third parties in court filings, discovery materials, hearings and at trial.

    2.  **Non-Disclosure.**

This Order applies to the Parties, to any third parties who utilize the provisions of ¶ 15 and to the representatives, experts and employees of the Parties or third parties. This Order shall not, in any manner, be disclosed to the jury unless the Court previously instructs otherwise and shall not otherwise be used or referred to, directly or indirectly, as evidence in any litigation

1

between the Parties except a hearing that involves issues related to the enforcement of any provision of this Order.

3. **Privileged and Confidential Information.**

Upon a determination by any Party or non-party producing information (the "Designating Party") that any information, document or thing being disclosed or produced in this action, whether formally or informally, contains information that the Designating Party believes in good faith to be subject to an evidentiary privilege, the Designating Party may designate such document or thing "Privileged" ("Privileged Information"). Upon a determination by any Party or non-party producing information (the "Designating Party") that any information, document or thing being disclosed or produced in this action, whether formally or informally, contains information that the Designating Party believes in good faith to constitute or embody confidential or proprietary information, including "confidential information" as defined in Rule 1.05(a) of the Texas Rules of Professional Conduct, the Designating Party may designate such document or thing "Confidential" ("Confidential Information"). By way of example only, Confidential Information may include, but is not limited to, materials such as financial information, marketing and sales information, customer lists, business plans, personnel information, product plans, technical information about products, trade secrets and other non-public, commercially sensitive information as well as internal information that is ordinarily treated as private or confidential by the Designating Party. Where appropriate, "Privileged" and "Confidential" designations may be combined.

4. **Attorneys' Eyes Only Information.**

Information for which a higher level of protection is required, such as trade secrets or privileged information, may be designated "Attorneys' Eyes Only" ("Attorneys' Eyes Only

Information"). Where appropriate, "Privileged" and "Attorneys' Eyes Only" designations may be combined on one document or thing, in which case the document shall be treated as "Attorneys' Eyes Only" pursuant to ¶ 7. Personnel records, human resources data and information, and individual performance reviews are not to be designated as "Attorneys' Eyes Only."

**5.  Designation.**

a.  The Designating Party or non-party shall identify all documents and materials containing Privileged, Confidential or Attorneys' Eyes Only Information by affixing to them, in a manner that shall not interfere with their legibility, the words "PRIVILEGED," "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page asserted to include such information or on a conspicuous portion of any thing. Any summary, compilation or copy of any document or thing so designated as "Privileged," "Confidential" or "Attorneys' Eyes Only" shall be treated the same as the underlying document or thing as provided by this Order. The "Privileged," "Confidential" or "Attorneys' Eyes Only" designation shall, wherever practicable, be made before or at production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶ 11. Any Party may, within 30 days after production of documents, designate documents as Privileged, Confidential or Attorneys' Eyes Only by identifying, in writing, the document(s) that are to be treated as such.

b.  If the producing Party or non-party elects to produce documents or other material for inspection, no markings need be made by the producing Party or non-party in advance of the inspection. But after the receiving Party selects documents or material for copying, the producing Party or non-party shall make the appropriate copies, with appropriate designations, if any, before providing copies to the receiving Party. Until the producing

Party or non-party provides copies of the documents or materials selected for copying, all documents made available for inspection must be treated as if they contained Attorneys' Eyes Only Information. If Privileged, Confidential or Attorneys' Eyes Only Information is produced without being reduced to a documentary, tangible, or physical form that can be conveniently designated, the producing Party must inform the opposing Party in writing when this Privileged, Confidential or Attorneys' Eyes Only Information is produced. The Parties shall then confer and agree, in writing, on an appropriate way of designating this material.

c. Information shall not be considered confidential if:

i. it is in the public domain at the time of disclosure;

ii. the receiving Party can show by written document that the material was already in its rightful and lawful possession at the time of disclosure, excluding possession obtained by the receiving Party by virtue of serving in the capacity of counsel for the Disclosing Party; or

iii. the receiving Party receives such material from a third party without restriction as to disclosure, provided such third party has a right in such information, and lawfully possesses such information, and has the right to make such disclosure to the receiving Party.

**6. Use or Disclosure of Privileged and Confidential Information.**

No party, counsel, or other person receiving any information, document or thing designated "Privileged" or "Confidential" in accordance with ¶ 5 of this Order shall use, disclose, or permit the use or disclosure of any such Privileged and/or Confidential Information to any other person or entity except to the following:

    a.    the Court and its personnel, as well as the appellate courts and their personnel upon any appeal of this action;

    b.    outside counsel of record and in-house attorneys of the Parties and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this case;

    c.    experts (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case, subject to the provisions of ¶ 8;

    d.    court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

    e.    interpreters or translators retained by counsel for the purpose of the case;

    f.    the person whose testimony is being taken, subject to ¶ 9; and

    g.    the Parties, including the corporate officers and employees of the Parties who have responsibility for managing or working on the case or who have responsibility for making decisions about possible settlement of the case; provided, however, that, in addition to the Plaintiff, information designated as "Privileged" may be disclosed only to those employees or representatives of the Designating Party to whom the information was previously disclosed by the Designating Party.

**7.**    **Use or Disclosure of Attorneys' Eyes Only Information.**

Until or unless the Court rules otherwise, no Party receiving any information, document or thing designated "Attorneys' Eyes Only" in accordance with ¶ 5 of this Order shall use, disclose, or permit the use or disclosure of any such Attorneys' Eyes Only Information to any other person or entity, except to the following:

    a.    the Court and its personnel;

b.	outside counsel of record and in-house attorneys and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation, who are providing active assistance with this case;

c.	experts (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case, subject to the provisions of ¶ 8;

d.	court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e.	interpreters or translators retained by counsel for the purpose of the case; and

f.	the person whose testimony is being taken, subject to ¶ 9.

g.	The Parties, including Plaintiff, subject to the following provisions:

i.	Nothing in this Order shall preclude or impede counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Attorneys' Eyes Only Information produced by the opposing Party.

ii.	Counsel may discuss with, and show copies to, counsels' client, including the Plaintiff and those employees and officers of the Defendants who have responsibility for managing the lawsuit or who have responsibility for making decisions about possible settlement of the lawsuit, the Attorneys' Eyes Only Information, to the extent such disclosure is necessary for effectively advising the client.

iii.	Any and all copies of documents that have been marked as "Attorneys' Eyes Only" must be retained by counsel of record in this litigation and no copy

6

may be provided to the non-designating Party for retention outside the presence of the Party's counsel in this litigation.

**8.  Disclosure to Experts.**

Counsel for the receiving Party may disclose Confidential, Privileged or Attorneys' Eyes Only Information to experts who are actively assisting in the preparation for and/or trial of the case subject to the provisions of this paragraph. A party desiring to disclose Confidential, Privileged or Attorneys' Eyes Only Information to outside experts or consultants shall first obtain from each expert or consultant a signed Confidentiality Agreement in the form attached as Exhibit A.

**9.  Use of Privileged, Confidential or Attorneys' Eyes Only Information During Testimony.**

Except as otherwise approved by the Designating Party or by an order of the Court, Privileged, Confidential, or Attorneys' Eyes Only Information may be used by a receiving Party in taking testimony only if:

a.  the witness is the receiving Party;

b.  the witness is an expert or other person duly qualified under ¶ 8;

c.  the witness is an existing employee or representative of the Designating Party and, in the event of information designated as "Privileged" Information, a person to whom the information was previously disclosed by the Designating Party; or

d.  the witness is a former employee or representative of the Designating Party and, (i) in the event of information designated as "Privileged Information," a person to whom the information was previously disclosed by the Designating Party, and/or (ii) in the event of information designated as "Attorneys' Eyes Only Information" the witness is

7

shown on the face of the document containing the Attorneys' Eyes Only Information to be an author or recipient of the document, or is otherwise known to have access or knowledge to the alleged "Attorneys' Eyes Only Information."

**10. Attendees at Depositions and Hearings.**

Any attendee at a deposition or hearing in which Privileged, Confidential or Attorneys' Eyes Only Information is shown or discussed must be qualified under this Order to review such information. All persons not so qualified may be excluded from the deposition or hearing for the period of time during which Privileged, Confidential or Attorneys' Eyes Only Information is shown or discussed.

**11. Transcripts.**

During any deposition in which Privileged, Confidential or Attorneys' Eyes Only Information is discussed, counsel attending the deposition may make a good-faith attempt to designate, on the record, the portions of the transcript that will contain Privileged, Confidential or Attorneys' Eyes Only Information. The portions of any deposition transcript that counsel for any Party has designated on the record at the deposition as "Privileged," "Confidential" or "Attorneys' Eyes Only," and any such information marked as a deposition exhibit shall be treated as Privileged, Confidential or Attorneys' Eyes Only Information and placed in a separately bound volume. Alternatively, or in combination with this procedure, portions of the transcript may be designated "Privileged," "Confidential" or "Attorneys' Eyes Only" if, within thirty (30) days of the transcript's delivery to the Parties' counsel of record, counsel designates in writing, by page and line number, any portion of the transcript as Privileged, Confidential or Attorneys' Eyes Only Information. In the time after the deposition but before the expiration of this 30-day period, the entirety of all deposition transcripts must be treated as if they contained

Confidential Information. The Parties may still, if necessary, use any such transcript within the 30-day period, for any hearing or filing, provided that the Parties endeavor to adhere to the spirit of this protective order and any filings are made under seal pursuant to ¶20 and in compliance with ¶ 22.

12. **Limitation on Use and Disclosure.**

A person authorized to receive or view Privileged, Confidential or Attorneys' Eyes Only Information under this Order shall not use or disclose such information for any purpose except the lawsuit between the Parties. This Order does not restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things, except as otherwise restricted by law or by any applicable ethical obligation.

13. **Challenges to Protected Status.**

If a Party receives documents or information and believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Privileged, Confidential or Attorneys' Eyes Only Information that is subject to such a dispute shall be treated consistently with its designation until the Court orders otherwise. This Order does not alter applicable legal standards under the Federal Rules of Civil Procedure, the Federal Rules of Evidence and relevant case law governing which party bears the burden of establishing that a document or information has or has not been properly designated.

14. **Inadvertent Disclosure.**

Inadvertent failure to identify information, documents or things as Privileged, Confidential or Attorneys' Eyes Only pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated

Privileged, Confidential or Attorneys' Eyes Only, the Designating Party must immediately notify all other Parties. In such event, within thirty (30) days of notifying all other Parties, the Designating Party must provide copies of the Privileged, Confidential or Attorneys' Eyes Only Information designated in accordance with this Order. After receipt of such re-designated information, this Privileged, Confidential or Attorneys' Eyes Only Information shall be treated as required by this Order.

15.  **Subpoena of Privileged, Confidential or Attorneys' Eyes Only Information.**

If any entity subpoenas or orders production of Privileged, Confidential or Attorneys' Eyes Only Information that a receiving Party has obtained subject to this Order, the receiving Party shall promptly notify the Designating Party of the subpoena or order and object to the subpoena on grounds that the information is protected by this Order. If discovery is sought from third parties in connection with this litigation between the Parties, and this discovery would require a third party to disclose and/or produce Privileged, Confidential or Attorneys' Eyes Only Information, a third party may gain the protections of this Order through a written agreement by that third party to produce documents or information pursuant to this Order and to be bound by it. Under such agreement, the Parties hereto will be bound by this Order with respect to all Privileged, Confidential or Attorneys' Eyes Only Information produced by that third party.

16.  **Disclosure of Privileged Information.**

a.  Nothing in this Order shall be construed to require the production by any Party of information, documents or things that the Party in good faith believes to be subject to an evidentiary privilege. Neither the existence of this Order, the Parties' consent thereto, nor the disclosure or production of information or documents consistent with the terms of this Order, shall effectuate or be construed in any way as a waiver of any privilege by a Party.

      b.    If the Designating Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Designating Party must immediately notify all other Parties. In such event, the Parties must immediately return the privileged information along with all duplicates. Once notified of the production of privileged information, the receiving Party shall not duplicate or distribute the privileged information by any means other than to return it to the Designating Party. Within thirty (30) days of notifying all other Parties, the Designating Counsel must provide a privilege log to all parties that lists the privileged information. Inadvertent production of information subject to the attorney-client or attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph 16(b) are satisfied.

**17.　Continuing Jurisdiction.**

After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further court order. This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief after the Parties have conferred in good faith, through counsel, regarding the alleged breach. The Court shall also retain jurisdiction over the Parties and any other person who has had access to Privileged, Confidential or Attorneys' Eyes Only Information pursuant to this Order, so that the Court can continue to enforce this Order.

**18.　Modification.**

The Parties may seek to modify this Order only by (i) written agreement executed by both Parties and adopted or approved by the Court; or (ii) by seeking modification of this Order

by the Court upon a showing of good cause. The Parties may unilaterally seek modification of this Order at any time.

19. **Duty to Return Documents and Things.**

At the conclusion of the lawsuit and all appeals, all documents and things produced by the Parties containing Privileged, Confidential or Attorneys' Eyes Only Information, and all copies thereof, shall be returned to the producing Party or, at the producing Party's option, shall be destroyed by counsel for the receiving Party. Outside counsel of record may retain their work product, written discovery and written responses thereto, copies of pleadings and documents filed with the Court, and deposition, trial, and other transcripts and exhibits thereto irrespective of their inclusion of Privileged, Confidential or Attorneys' Eyes Only Information. Outside counsel of record will be responsible for obtaining certification that any experts or litigation support personnel who received Privileged, Confidential of Attorneys' Eyes Only Information have complied with this paragraph. Counsel for any Party or non-party receiving Privileged, Confidential or Attorneys' Eyes Only Information shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the conclusion of the litigation.

20. **Sealing of Court Records.**

After the entry of this Order, the Clerk is directed to seal all future filings in this case so that any future pleadings, motions, transcripts and other documents filed in this action shall not be accessible to the public. Any Order entered by the Court in this action will be subject to sealing within the discretion of the Court, with the presumption being that Orders will not be sealed. Only the Court and its personnel, the Clerk, the Parties, and counsel for the parties shall have access to the sealed file. Each document and thing filed with the Court shall be filed under

seal with the Clerk of the Court in accordance with Local Rule CV-5(a)(7), and such filing shall not compromise the Privileged, Confidential or Attorneys' Eyes Only status of the information. Upon the full and final conclusion of this litigation, including any appeals, the Parties shall confer and file a joint report (a) identifying for the Court those portions of the record that should be unsealed, and (b) identifying those portions of the record, if any, as to which they cannot agree, along with a short statement of the reasons for the disagreement, so that the Court may rule on any disputed items. Nothing in this paragraph shall be construed as a denial or waiver of Plaintiff's right to a jury trial in this litigation.

**21.     Filings with and Presentations to this Court.**

Upon oral or written motion by any Party based on that Party's reasonable belief that a hearing or other court proceeding to be conducted in this case may involve attorney-client privileged information, the hearing or proceeding so identified shall be conducted in camera, and the transcripts of in camera hearings and proceedings shall be sealed. Nothing in this paragraph shall be construed as a denial or waiver by Plaintiff of Plaintiff's right to a jury trial in this litigation. Not less than sixty (60) days prior to the trial of this action, the Parties shall jointly recommend to the Court appropriate procedures and protective measures to prevent public disclosure of privileged and confidential information at the trial, consistent with the spirit and scope of this Order.

**22.     Use of Pseudonyms.**

The parties may use mutually agreed pseudonyms in any depositions, court filings, hearings and at trial when referring to projects, contracts and contractual partners at issue in this action concerning or to which or whom Plaintiff provided legal advice on behalf of any Defendant.

**23.    Privilege/Work Product/Rules of Professional Conduct.**

Nothing in this Order shall in any way be construed as a waiver of the attorney-client privilege and/or the attorney-work product doctrine by Defendants and/or to alter Plaintiff's obligations under all applicable rules of professional conduct, including without limitation the Texas Disciplinary Rules of Professional Conduct, concerning disclosure of confidential information, whether or not privileged, relating to any Defendant which was furnished to Plaintiff or acquired by Plaintiff during the course of or by reason of Plaintiff's representation of any such Defendant.

**SIGNED this** 30 **day of** November **, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE